Filed 7/11/13  Gribovszki v. Stanford University CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THOMAS GRIBOVSZKI, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> STANFORD UNIVERSITY, <br><br> Defendant and Respondent. | H037663 <br> (Santa Clara County <br> Super. Ct. No. CV110340) |

Thomas Gribovszki, proceeding in pro per, appeals a judgment entered following the trial court's denial of his motion for leave to amend and dismissal of his complaint against defendant Stanford University (Stanford) with prejudice.

### STATEMENT OF THE FACTS AND CASE

This case is based on plaintiff's enrollment in 1996, and subsequent removal in 2002 for failing to meet minimum academic progress from Stanford's PhD program in the Department of Aeronautics and Astronautics.

Plaintiff brought his first two actions against Stanford in 2006, alleging he was entitled to a Master's Degree.  The trial court dismissed these actions, and plaintiff did not appeal.

Plaintiff brought the current action in 2008 against Stanford, its Department of Aeronautics and Astronautics, Brian Cantwell, and 10 other individuals.

Defendants demurred to plaintiff's initial complaint. The court sustained the demurrer with leave to amend.

Plaintiff filed a first amended complaint in December 2008, naming Stanford as the sole defendant. In it, plaintiff alleged arbitrary and capricious stonewalling, delay and denial of master degree application, breach of contract, business tort, and other causes.

Stanford demurred to the first amended complaint, joined by the other defendants named in the initial 2008 complaint. Following a hearing in March 2009, the trial court sustained the demurrer to the first amended complaint, without leave to amend, on the ground that the action was barred by the doctrine of res judicata. The court entered a judgment of dismissal, and plaintiff appealed.

In November 2010, this court affirmed the trial court as to six of the seven causes of action in the first amended complaint. Specifically, the first six causes of action of plaintiff's first amended complaint challenged Stanford's denial of a master's degree. The doctrine of res judicata bared those causes of action, because plaintiff's degree conferral claims were the subject of a prior judgment on the merits. However, the seventh cause of action of Plaintiff's first amended complaint ("business tort—unfair business practices") challenged Stanford's withholding of student transcripts. Because plaintiff did not assert this claim in his prior actions, it was not barred by the doctrine of res judicata.

This court stated: "Upon independent review, we conclude that res judicata bars all of the claims asserted in this action, except the seventh cause of action alleging 'business tort.' Because the pleading defects in that cause of action may be curable, we reverse and remand, directing the trial court to give plaintiff an opportunity to amend as to the seventh cause of action only."

Plaintiff filed a petition for rehearing that this court denied in December 2010, and in February 2011, the California Supreme Court denied plaintiff's petition for review.

2

On February 18, 2011, this court issued the remittitur, certifying that the opinion had become final.

In July 2011, plaintiff filed a motion for leave to amend the complaint. In it, he requested that he be allowed to "re-include" the causes of action as to which the trial court had previously sustained defendant's demurrer without leave to amend, and this court had affirmed the trial court's order. Following a hearing in September 2011, the trial court denied plaintiff's motion and dismissed the action with prejudice. The trial court concluded that plaintiff's requested motion to "re-include" causes of action was in direct contravention of this court's opinion in the prior appeal. In addition, the trial court found plaintiff failed to file an amended complaint within 30 days of the remittitur as required by Code of Civil Procedure section 472b, plaintiff did not comply with the California Rules of Court, Rule 3.1324, subdivision (a), and plaintiff failed to timely serve the motion on defendant. Plaintiff filed a notice of appeal.

## DISCUSSION

In this appeal, plaintiff attempts to reassert the claims he made in his first appeal, arguing again that his first six causes of action in the first amended complaint are not barred by res judicata, because they were not adjudicated on the merits.

The standard of review for an order denying leave to amend is abuse of discretion. (*Branick v. Downey Savings & Loan Assn*. (2006) 39 Cal.4th 235, 242.) Therefore, "there is a presumption in favor of the actions of the trial court to the effect that its discretion was properly exercised, and the burden and responsibility is on the appellant to affirmatively establish an abuse of that discretion." (*Mesler v. Bragg Management Co.* (1990) 219 Cal.App.3d 983, 991.)

The trial court did not abuse its discretion in denying Plaintiff's motion for leave to amend. Plaintiff's requested amendment of his first amended complaint was to re-allege the first six causes of action that were previously dismissed on the basis of res

3

judicata.  This proposal was in direct contravention of this court's opinion in the previous appeal, and did not comply with the limited remand.  The trial court's denial of plaintiff's motion because the proposed amendment did not comply with this court's opinion was entirely proper, and not an abuse of discretion.  (See *In re N.M.* (2008) 161 Cal.App.4th 253, 264.)

Plaintiff's motion was properly denied for the additional reason that he did not file a proposed amended complaint within 30 days of issuance of the remittitur, as required by Code of Civil Procedure section 472b.[1]  Here, the clerk of this court issued the remittitur and sent notice to the parties on February 18, 2011.  Plaintiff filed his motion to amend his complaint, without an accompanying proposed amendment, on July 13, 2011.  The trial court's decision to deny plaintiff's motion was proper based on plaintiff's failure to comply with the requirements of Code of Civil Procedure section 472b.

Finally, the trial court did not abuse its discretion in denying plaintiff's motion on the ground that plaintiff violated California Rules of Court Rule No. 3.1324(a), by not attaching a copy of the proposed amended complaint to his motion and not identifying the page, paragraph and line number on the complaint where the amendments could be found.

Finally, despite the trial court's admonishment to do so, and Stanford's repeated requests, plaintiff did not timely serve Stanford with the motion.  This was a violation of Code of Civil Procedure sections 1005, which requires moving papers to be filed and served at least 16 court days before the date of hearing, and 1010, which requires notices of motions and motions to be served on the party or his or her attorney, and provided the trial court additional grounds for denying plaintiff's motion.

---

[1] Code of Civil Procedure section 472b provides: "When an order sustaining a demurrer without leave to amend is reversed or otherwise remanded by any order issued by a reviewing court, any amended complaint *shall be filed within 30 days after the clerk of the reviewing court mails notice of the issuance of the remittitur.*"  (Emphasis added.)

We find no abuse of discretion in this case.  The trial court's decision to deny plaintiff's motion for leave to amend was based on numerous legitimate grounds.

**DISPOSITION**

The judgment is affirmed.


_____

RUSHING, P.J.


WE CONCUR:


_____

PREMO, J.


_____

ELIA, J.


5